SNELL & WILMER L.L.P.
Christopher D. Bright, Bar No. 206273
cbright@swlaw.com
Plaza Tower
600 Anton Boulevard
Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Plaintiff
GuruNanda, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GuruNanda, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Sacks Holdings, Inc. d/b/a Grin Oral Care,<br><br>Defendant. | Case No. '26CV4695 GPC GC<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gurunanda, LLC ("GuruNanda") hereby complains of Defendant Sacks Holdings, Inc. d/b/a Grin Oral Care ("Sacks" or "Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Venue is proper in this judicial district for GuruNanda's patent claims under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this judicial district and have a regular and establish place of business in this judicial district.



SNELL & WILMER

3. This Court has subject matter jurisdiction over each of GuruNanda's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. The Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district. For example, Defendant has a regular and established place of business in this judicial district, Defendant regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to individuals in the State of California. GuruNanda is informed and believes, and based thereon, alleges that Defendant has been selling and/or offering for sale infringing products directly to consumers and/or retailers in this district and selling products into the stream of commerce knowing such products would be sold in California and this district. These acts form a substantial part of the events giving rise to GuruNanda's claims.

## THE PARTIES

5. GuruNanda is a Delaware limited liability company that is registered to do business in the State of California with a principal place of business 6645 Caballero Blvd., Buena Park, CA 90620.

6. GuruNanda is informed and believes and, based thereon, alleges Sacks Holdings, Inc. d/b/a Grin Oral Care is a corporation organized and existing under the laws of the State of California, having a principal place of business at 11440 W Bernardo Ct., Ste 250, San Diego, CA 92127.

## GENERAL ALLEGATIONS

7. GuruNanda is committed to delivering high-quality, effective products that integrate the best of Eastern and Western health philosophies. By focusing on prevention and using ethically sourced ingredients, GuruNanda strives to make a positive impact on society and the environment. GuruNanda protects its innovative designs with its intellectual property rights.

SNELL & WILMER

8. On June 3, 2025, the USPTO duly and lawfully issued United States Design Patent No. D1,077,482 ("the D482 Patent" or "Asserted Patent"), titled "Toothbrush Bristle Arrangement." GuruNanda is the owner by assignment of all right, title, and interest in the D482 Patent. A true and correct copy of the D482 Patent is attached hereto as **Exhibit 1**.

9. Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States products that infringe GuruNanda's Asserted Patent, including products that Defendant sells through retailers, such as Target, for example as shown in **Exhibit 2** and as shown below ("the Accused Products"):




10. Infringement of a design patent is determined under the Ordinary Observer Test: "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swissa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc) (quoting *Graham Co. v. White*, 81 U.S. 511, 528 (1871)). Application of the Ordinary Observer Test focuses

SNELL & WILMER

on the overall appearance of the design, rather than particular elements, and often undertakes a side-by-side visual comparison.

11. Defendant has had actual knowledge of GuruNanda and its products. GuruNanda is informed and believes, and based thereon, alleges that, Defendant had actual knowledge of the Asserted Patent because GuruNanda sent Defendant a cease-and-desist letter that identified both the Accused Products and the Asserted Patent.

12. GuruNanda has sold toothbrushes that use the D482 Patent. An example of such GuruNanda toothbrushes as shown in **Exhibit 3** is depicted in the image below:




SNELL & WILMER

13. GuruNanda advertises its products on its own website (for example, **Exhibit 4**) and by placement in numerous retailers, including Amazon (**Exhibit 5**), Target (**Exhibit 3**), Walgreens (**Exhibit 6**), and Walmart (**Exhibit 7**).

14. GuruNanda is informed and believes, and on that basis alleges, that Defendant's acts complained of here are willful and deliberate.

15. Defendant's acts complained of herein have caused GuruNanda to suffer actual damages and irreparable injury to its business. GuruNanda will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of here.

**FIRST CLAIM FOR RELIEF**

**(Infringement of U.S. Design Patent No. D1,077,482)**

16. GuruNanda hereby repeats, realleges, and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

17. This is a claim for patent infringement under 35 U.S.C. § 271.

18. Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D482 Patent by making, using, selling, offering for sale, and/or importing products having a design that infringes that D482 Patent. For example, the side-by-side visual comparisons shown below of GuruNanda's patented design and the Accused Products establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of the Accused Products is substantially the same as the claimed design of the D482 Patent, because the resemblance is such to deceive such an observer inducing him to purchase one supposing it to be the other and, as a result, Defendant infringes the D482 Patent.

SNELL & WILMER

| | |
|---|---|
|   |   |
| **Exhibit 1** | **Exhibit 2** |

19. Defendant's acts of infringement of the D482 Patent were undertaken without permission or license from GuruNanda. GuruNanda is informed and believes, and based thereon, alleges that Defendant had actual knowledge of GuruNanda's rights in the D482 Patent. For example, GuruNanda sent Defendant a cease-and-desist letter identifying the D482 Patent and the infringement by the Accused Products on August 6, 2026. The design of GuruNanda's products is well-known throughout the industry, and Defendant's Accused Products are a nearly identical copy of GuruNanda's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D482 Patent. Defendant infringed the D482 Patent with reckless disregard of GuruNanda's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its

SNELL & WILMER

actions constitute infringement of the D482 Patent. Defendant's acts of infringement of the D482 Patent were not consistent with the standards of commerce for its industry.

20. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to GuruNanda.

21. Pursuant to 35 U.S.C. § 284, GuruNanda is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

22. Pursuant to 35 U.S.C. § 285, GuruNanda is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

23. Pursuant to 35 U.S.C. § 289, GuruNanda is entitled to Defendant's total profits from Defendant's infringement of the D482 Patent.

24. Due to the aforesaid infringing acts, GuruNanda has suffered great and irreparable injury, for which GuruNanda has no adequate remedy at law.

25. Defendant will continue to infringe GuruNanda's patent rights to the great and irreparable injury of GuruNanda, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, GuruNanda prays for judgment against Defendant as follows:

A. That the Court render a final judgment in favor of GuruNanda and against Defendant on all claims for relief alleged herein;

B. An Order adjudging Defendant to have infringed the D482 Patent under 35 U.S.C. § 271.

C. An Order adjudging Defendant's patent infringement to be willful;

D. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendant, from infringing the D482 Patent in violation of 35 U.S.C. § 271, including, for example, through the

SNELL & WILMER

manufacture, use, sale, offer for sale, and/or importation into the United States of any of the Accused Products or any products that are not colorably different from such products.

E. That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the D482 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to GuruNanda all damages suffered by GuruNanda and/or Defendant's total profit from such infringement pursuant 35 U.S.C. §§ 284 and 289.

F. An Order adjudging that this is an exceptional case;

G. An Order for trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284.

H. An award to GuruNanda of the attorneys fees, expenses, and costs incurred by GuruNanda in connection with this action pursuant to 35 U.S.C. § 285.

I. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

J. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Gurunanda hereby demands a jury trial, as provided by Rule 38 of the Federal Rules of Civil Procedure, on all claims that are triable to a jury.

Dated: August 17, 2026

SNELL & WILMER L.L.P.

By: */s/Christopher D. Bright*
Christopher D. Bright

Attorneys for Plaintiff
Gurunanda, LLC

4937-4345-1845

SNELL & WILMER